WILLIAM S. BRODY (SBN 136136)
  Email: wbrody@buchalter.com
POOYA E. SOHI (SBN: 241574)
  Email: psohi@buchalter.com
KEVIN J. CONNELLY (SBN: 339857)
  Email: kconnelly@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff, BANK OF HOPE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF HOPE, a California chartered bank,<br><br>Plaintiff,<br><br>vs.<br><br>EXPEDITED TRAVEL, LLC, a Michigan limited liability company; MATTHEW ALLEN BORISCH, an individual; MATTHEW ALLEN BORISCH, as Trustee of the MATTHEW ALLEN BORISCH TRUST; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No: 2:24-cv-05019-MRA-MAA<br><br>Honorable Mónica Ramírez Almadani<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[*Concurrently filed with Notice of Motion and Motion; Memorandum of Points and Authorities; Declarations of Jihae Cho, Pooya E. Sohi, and Jeff Dorrough; and [Proposed] Order*]<br><br>Date:  September 8, 2025<br>Time:  1:30 p.m.<br>Courtroom:  9B |

Buchalter
A Professional Corporation
Los Angeles

BN 84624559V2

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case No. 2:24-cv-05019-MRA-MAA

Plaintiff Bank of Hope ("Plaintiff") submits the following Statement of Uncontroverted Facts pursuant to Local Rule 56-1:

### UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. On September 30, 2022, Plaintiff Bank of Hope ("Plaintiff") and Defendant Expedited Travel, LLC ("Borrower") entered into an Aircraft and Business Loan Agreement ("Loan Agreement"), whereby Plaintiff agreed to advance to Borrower $13,250,000.00 (the "Loan").<br><br>*Evidence*: Declaration of Jihae Cho ("Cho Decl."), ¶ 4, Ex. 1. | 1. |
| 1. Moving Party's Response | |
| 2. The purpose of the Loan was for Borrower to purchase an aircraft— Bombardier Inc., Model BD-100-1A10 (Challenger 300) bearing U.S. registration number N416V, together with two Honeywell model AS907-1-1A aircraft engines, bearing manufacturer's serial numbers P118661 and P118662 (the "Aircraft").<br><br>*Evidence*: Cho Decl., ¶ 5. | 2. |
| 2. Moving Party's Response | |

BN 84624559V2

1

SEPARATE STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-cv-05019- MRA-MAA

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| 3. The Loan Agreement requires Borrower to maintain a loan-to-value ratio with respect to the Aircraft ("LTV") that is less than or equal to eighty percent (80%) of the fair market value, as determined by a third-party aircraft appraiser of Plaintiff's choosing ("FMV"). *Evidence*: Cho Decl., ¶ 4, Ex. 1 at BOH00004 | 3. |
| 3. Moving Party's Response | |
| 4. Under the Loan Agreement, if the LTV of FMV is greater than 80% of FMV, within five business days after a written demand, Borrower is required to pay to Plaintiff a principal reduction payment until the LTV of FMV falls below the required 80% of FMV. *Evidence*: Cho Decl., ¶ 4, Ex. 1 at BOH00004 | 4. |
| 4. Moving Party's Response | |
| 5. On September 30, 2022, Borrower signed and delivered to Plaintiff a Promissory Note dated September 30, 2022 (the "Note"). *Evidence*: Cho Decl., ¶ 6, Ex. 2. | 5. |

BN 84624559V2  
SEPARATE STATEMENT OF UNCONTROVERTED FACTS  
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT  
2  
Case No. 2:24-cv-05019-MRA-MAA  
BUCHALTER  
A PROFESSIONAL CORPORATION  
LOS ANGELES

| | |
|---|---|
| 5. Moving Party's Evidence | |
| 6. Pursuant to the terms of the Note, Borrower agreed and promised to pay Plaintiff the principal amount of $13,250,000.00, together with interest on the unpaid principal balance, initially payable in 24 regular monthly payments of principal of $157,738.10, plus interest on the unpaid principal balance, starting with the first payment, which was due on October 30, 2022. *Evidence*: Cho Decl., ¶ 6, Ex. 2 at BOH00010. | 6. |
| 6. Moving Party's Response | |
| 7. Under the Note, in the event of default, the interest rate shall "immediately" increase by 5%. *Evidence*: Cho Decl., ¶ 6, Ex. 2 at BOH00010. | 7. |
| 7. Moving Party's Response | |
| 8. The Note further provides that if a payment is late by 11 or more days, Borrower is obligated to pay a late charge equal to 5% of the unpaid portion of the regularly scheduled payment. | 8. |

BN 84624559V2    3
BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
SEPARATE STATEMENT OF UNCONTROVERTED FACTS   Case No. 2:24-cv-05019-MRA-MAA
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| *Evidence*: Cho Decl., ¶ 6, Ex. 2 at BOH00010. | |
| 8. Moving Party's Response | |
| 9. The Note and Loan Agreement provide that in the event of default, Plaintiff has the right to declare all obligations under the Note immediately due and payable.<br><br>*Evidence*: Cho Decl., ¶ 6, Ex.1 at BOH00005; Ex. 2 at BOH00011. | 9. |
| 9. Moving Party's Response | |
| 10. On September 30, 2022, Plaintiff and Borrower entered into an Aircraft Security Agreement (the "Security Agreement"), pursuant to which Borrower granted Plaintiff a security interest in the Aircraft to secure Borrower's obligations under the Loan.<br><br>*Evidence*: Cho Decl., ¶ 7, Ex. 3. | 10. |
| 10. Moving Party's Response | |
| 11. Plaintiff perfected its security interest in the Aircraft by filing a UCC-1 Financing Statement with the Michigan Secretary of State and filing the Security Agreement with the U.S. Federal Aviation Administration. | 11. |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 84624559V2

4

SEPARATE STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-cv-05019-MRA-MAA

| | |
|---|---|
| (The Note, Loan Agreement, Security Agreement, and UCC 1 Financing Statement, are collectively referred to as the "Loan Documents.") *Evidence*: Cho Decl., ¶¶ 7-8, Exs. 3 and 4. | |
| 11. Moving Party's Response | |
| 12. On September 30, 2022, Defendant Matthew Allen Borisch, an individual ("Borisch"), executed and delivered to Plaintiff a commercial guaranty pursuant to which Borisch agreed to assume all obligations owed to Plaintiff by Borrower under the Loan Documents and ensured payment and satisfaction of Borrower's debts to Plaintiff. *Evidence*: Cho Decl., ¶ 9, Ex. 5; Dkt. No. 27-1 (Borisch Decl. ¶ 3 ["I am a personal guarantor of a loan issued by Plaintiff Bank of Hope to Expedited Travel, LLC . . ."]) | 12. |
| 12. Moving Party's Response | |
| 13. On September 30, 2022, Defendant Matthew Allen Borisch as Trustee of the Matthew Allen Borisch Trust under | 13. |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 84624559V2

5

SEPARATE STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-cv-05019-MRA-MAA

| | |
|---|---|
| a trust agreement dated September 19, 2006 (the "Trust" together with Borisch, the "Guarantors") executed and delivered to Plaintiff a commercial guaranty pursuant to which the Trust agreed to assume all obligations owed to Plaintiff by Borrower under the Loan Documents and ensured payment and satisfaction of Borrower's debts to Plaintiff.<br><br>*Evidence*: Cho Decl., ¶ 10, Ex. 6. | |
| 13. Moving Party's Response | |
| 14. The Note, Loan Agreement, and Guaranties each provide that Plaintiff is entitled to recover its attorneys' fees and costs incurred in connection with the enforcement of the Loan Documents or Guaranties.<br><br>*Evidence*: Cho Decl., ¶¶ 4, 6, 9, 10, Ex. 1 at BOH00006; Ex. 2 at BOH00011; Exs. 5 at BOH00069; Ex. 6 at BOH00074. | 14. |
| 14. Moving Party's Response | |
| 15. Plaintiff fulfilled its obligations under the Loan Documents by | 15. |

BN 84624559V2  6
SEPARATE STATEMENT OF UNCONTROVERTED FACTS   Case No. 2:24-cv-05019-MRA-MAA
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| advancing $13,250,000.00 to Borrower. *Evidence*: Cho Decl., ¶ 11; Dkt. No. 34 (Borrower and Borisch Answer at ¶ 15 ["Defendant admits that Plaintiff provided a loan to Defendant."]) | |
| 15. Moving Party's Response | |
| 16. Borrower initially defaulted on the Loan Documents in October 2023 by failing to provide certain financial reports, including, without limitation, the audited annual financial statements and liquidity statements of Borrower and the Guarantors. *Evidence*: Cho Decl., ¶ 12, Ex. 7. | 16. |
| 16. Moving Party's Response | |
| 17. On November 1, 2023, Plaintiff obtained an Aircraft Valuation Report from Mente Group showing that the fair market value of the Aircraft was $10,200,000.00, which placed the LTV of FMV above 80% as of November 1, 2023. *Evidence*: Cho Decl., ¶¶ 13-14, Ex. 8; Declaration of Jeff Dorrough ("Dorrough Decl."), ¶¶ 3-4, Ex. 1. | 17. |
| 17. Moving Party's Response | |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 84624559V2                                   7
SEPARATE STATEMENT OF UNCONTROVERTED FACTS            Case No. 2:24-cv-05019-MRA-MAA
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 18. On November 15, 2023, Plaintiff sent Borrower and Guarantors a Notice of Demand for LTV Deficiency Payment via email and FedEx and demanded a principal reduction payment in the amount of $3,039,404.70 in order to fall within the LTV ratio.<br><br>*Evidence*: Cho Decl., ¶ 15; Declaration of Pooya E. Sohi ("Sohi Decl."), ¶ 3, Ex. A. | 18. |
| 18. Moving Party's Response | |
| 19. Borrower failed to make the principal reduction payment within five business days of receiving Plaintiff's demand, or anytime thereafter.<br><br>*Evidence*: Cho Decl., ¶ 15. | 19. |
| 19. Moving Party's Response | |
| 20. Borrower's failure to make the principal reduction payment constitutes an Event of Default under the Loan Agreement.<br><br>*Evidence*: Cho Decl., ¶ 4, Ex. 1 at BOH00004. | 20. |
| 20. Moving Party's Response | |
| 21. On December 1, 2023, Plaintiff | 21. |

BN 84624559V2    8
SEPARATE STATEMENT OF UNCONTROVERTED FACTS     Case No. 2:24-cv-05019-MRA-MAA
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| sent Borrower and Guarantors a Notice of Events of Default and Reservation of Rights outlining the various defaults and informing Defendants that, effective November 21, 2023, the interest on the Loan would be charged at the Default Rate (an increase of 5%) pursuant to the terms of the Note. *Evidence*: Cho Decl., ¶ 16; Sohi Decl., ¶ 4, Ex. B. | |
| 21. Moving Party's Response | |
| 22. Borrower failed to make its monthly payment of $157,738.10 due on March 30, 2024, or any payment thereafter constituting an Event of Default under the Loan Documents. *Evidence*: Cho Decl., ¶ 17, Ex. 1 at BOH00005; Ex. 2 at BOH00010. | 22. |
| 22. Moving Party's Response | |
| 23. As a result of Borrower's default under the Loan Documents, Plaintiff filed this action, accelerated the amount due on the Loan and Borrower's debt to Plaintiff became due and payable immediately. *Evidence*: Cho Decl., ¶¶ 4, 6, 17, Ex. 1 | 23. |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 84624559V2

9

SEPARATE STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-cv-05019-MRA-MAA

| | |
|---|---|
| at BOH00005; Ex. 2 at BOH00011 | |
| 23. Moving Party's Response | |
| 24. Despite Plaintiff's demand, Borrower and Guarantors failed and refused to pay the sums due and owing to Plaintiff under the Loan Documents and Guaranties. *Evidence*: Cho Decl., ¶ 17. | 24. |
| 24. Moving Party's Response | |
| 25. On July 15, 2024, Borisch informed Plaintiff that Borrower had received an offer for the purchase of the Aircraft in the amount of $9.5 million and asked Plaintiff to approve the sale. *Evidence*: Sohi Decl., ¶ 5, Ex. C at BOH00227-228. | 25. |
| 25. Moving Party's Response | |
| 26. Plaintiff informed Borisch that it had no objection to the contemplated sale conditioned on (1) immediate payment of net sales proceeds to Plaintiff; and (2) Plaintiff retaining its deficiency rights. *Evidence*: Sohi Decl., ¶ 5, Ex. C at BOH00224-226 ("My client will require the full loan balance to be paid as part of | 26. |

| | |
|---|---|
| any settlement. Again, no objection to the contemplated sale with the understanding that the Bank retains its deficiency rights."; Dkt 30 at p. 1:21-27 (Plaintiff would consider releasing its security interest in the Collateral if the sale terms "include the immediate payment of acceptable net proceeds to Plaintiff, and the sale is not conditioned upon Plaintiff releasing Defendants from their obligation to pay the remaining deficiency or waiving any other rights or remedies." | |
| 26. Moving Party's Response | |
| 27. Borisch requested payoff information and stated: "I'd like to make a decision today on what deficiency I am signing up for."<br><br>*Evidence*: Sohi Decl., ¶ 5, Ex. C at BOH00223. | 27. |
| 27. Moving Party's Response | |
| 28. Plaintiff provided Borisch with the requested payoff information and Borisch agreed to Plaintiff's conditions allowing the sale to close on August 16, 2024, resulting in net sales proceeds paid to Plaintiff in the amount of | 28. |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 84624559V2

11

SEPARATE STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-cv-05019-MRA-MAA

| | |
|---|---|
| $9,005,488.68 ("Net Sales Proceeds"). *Evidence*: Sohi Decl., ¶ 5, Ex. C at BOH00223, 230; Cho Decl., ¶¶ 18-19, Ex. 9. | |
| 28. Moving Party's Response | |
| 29. As of July 23, 2025, the indebtedness due, owing, and payable by Borrower and jointly and separately by each Guarantor to Plaintiff, after crediting the Net Sale Proceeds, is the sum of $2,532,050.08, consisting of outstanding principal due ($2,158,261.88), accrued unpaid interest ($244,709.12 and accruing at a daily rate of $717.62,), late fees ($120,877.18), appraisal fees ($8,201.90), plus reimbursement of attorneys' fees and costs incurred by Plaintiff that are not included in the above-stated amount, which amounts continue to accrue until paid, according to the terms of the Loan Documents. *Evidence*: Cho Decl., ¶¶ 20-21, Exs. 10 and 11. | 29. |
| 29. Moving Party's Response | |

//

BN 84624559V2

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

12

SEPARATE STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-cv-05019-MRA-MAA

1  DATED: July 23, 2025                BUCHALTER
2                                      A Professional Corporation
3
4                                      By: */s/ Pooya E. Sohi*
                                           WILLIAM S. BRODY
                                           POOYA E. SOHI
5                                          KEVIN J. CONNELLY
                                           Attorneys for Plaintiff
6                                          BANK OF HOPE

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 84624559V2                               13

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS**                Case No. 2:24-cv-05019-MRA-MAA
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**